IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00678-ZLW

JEFFREY D. GONYEA,

    Plaintiff,

v.

JANENE McCABE, Deputy Public Defender, State of Colorado, Individually and in her Official Capacity,
DAVID KAPLAN, Public Defender, State of Colorado, Individually and in his Official Capacity, and
JUDGE TIMMOTHY FASING, Honorable Judge in the 18th Judicial District, County of Arapahoe, Individually and in his Official Capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Jeffrey D. Gonyea is incarcerated in the Colorado Department of Corrections and currently is housed at the Huerfano County Correctional Facility in Walsenburg, Colorado. On May 31, 2006, Plaintiff filed a Letter with the Court requesting reconsideration of the dismissal of the instant Complaint and action and the return of the $250.00 filing fee that his mother had paid. The Court must construe the Letter liberally, because Mr. Gonyea is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Gonyea's Motion was filed more than ten days after the Court's May 16, 2006, Order and Judgment of Dismissal. Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice as barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994). Plaintiff contends that the dismissal should be reconsidered, because he submitted a copy of the motion for a new trial to the Court only to prove that he has exhausted all administrative remedies prior to filing the instant action and to certify that Gregory Graf, counsel for defendant, agreed that Defendant Janene McCabe was ineffective.

Mr. Gonyea's arguments do not provide evidence that either his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ, which is required for the Court to consider a request for money damages in the instant case. Mr. Gonyea fails to demonstrate the existence of any

extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Motion, therefore, will be denied.

Plaintiff's request that the $250.00 filing fee payment be returned also will be denied. Even if the Court had granted Plaintiff leave to proceed pursuant to § 1915 he still would owe the $250.00 filing fee in full. Section 1915(b) states that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Furthermore, under § 1915 the filing fee is not conditioned on the success of the merits of a complaint. Notwithstanding the Court's dismissal of Plaintiff's action, he still is required to pay the full filing fee to the Court. Accordingly, it is

ORDERED that Plaintiff's May 31, 2006, Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that Plaintiff's request, for the $250.00 filing fee to be returned to his mother, is denied pursuant to 28 U.S.C. § 1915(b)(1).

DATED at Denver, Colorado, this 14 day of June, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00678-BNB

Jeffrey D. Gonyea
Prisoner No. 59585
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   6-16-06  

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk